UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                            Criminal No. 18-cr-070-JD
                                        Opinion No. 2020 DNH 192
William Looney

O R D E R

William Looney moves to have his sentence reduced to time served, pursuant to 18 U.S.C. § 3582(c)(1)(A), based on the combined effect of his medical conditions and the risks presented by the COVID-19 pandemic.[1]  The government objects to the requested relief.  United States Probation and Pretrial Services has filed a report and recommendation.

## Standard of Review

The Director of the BOP may bring a motion on behalf of a defendant to reduce the term of the defendant's imprisonment. § 3582(c)(1)(A).  If the Director does not file such a motion on behalf of a defendant, the defendant may file a motion on his or her own behalf in certain circumstances.  The defendant must have "fully exhausted all administrative rights to appeal a

---

[1] Looney filed a motion pro se, and then counsel was appointed to represent him, for purposes of seeking relief under § 3582(c)(1)(A), and counsel filed a supplemental motion.

failure of the BOP to bring a motion on the defendant's behalf"
or, thirty days must have passed since the warden at the
defendant's facility received the defendant's request without a
response.  Id.

When a defendant has satisfied the administrative
exhaustion requirement, the court may reduce a term of
imprisonment based on a finding that "extraordinary and
compelling reasons warrant such a reduction" and "after
considering the factors provided in [18 U.S.C. §] 3553(a) to the
extent that they are applicable."  § 3582(c)(1)(A).  The statute
also directs consideration of whether the requested "reduction
is consistent with applicable policy statements issued by the
Sentencing Commission."  § 3582(c)(1)(A).

The applicable policy statement is United States Sentencing
Guidelines § 1B1.13.  That guidance provides that a defendant's
term of imprisonment may be reduced if extraordinary and
compelling reasons warrant the reduction or the defendant meets
the age and time-served requirements and the defendant is not "a
danger to the safety of any other person or to the community" and
the reduction is consistent with the policy statement.  See United
States v. Jones, 2020 WL 6205783, at *2 (D. Mass. Oct. 22, 2020).
Application Note 1 to U.S.S.G. § 1B1.13 provides additional
guidance as to when an extraordinary and compelling reason to
reduce a defendant's sentence may exist.  Those reasons include

2

medical conditions, age, family circumstances, and extraordinary and compelling reasons "other than, or in combination with, the reasons described."  BOP Program Statement 5050.50 also provides guidance as to when post-sentencing developments, medical conditions, age, and family circumstances will support a motion for sentence reduction under § 3582(c)(1)(A).  Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (Jan. 17, 2019), www.bop.gov/policy/progstat/5050_050_EN.pdf.

### Background

Looney pleaded guilty to a charge of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  He was sentenced on August 31, 2018, to a term of imprisonment for 120 months.  He has served about 39 months of his sentence or about one-third of the sentence.

He is incarcerated at the Federal Correctional Institution Hazelton in Bruceton Mills, West Virginia ("FCI Hazelton").  Looney has had a clear disciplinary record while incarcerated.  His security level is classified as medium, which has precluded review by the BOP for home confinement under the CARES Act.  He also has been assessed as a medium risk for recicivism.

In support of his motion and supplemental motion, Looney states that he has medical conditions that present increased risks if he were to contract COVID-19.  His counsel submitted copies of medical records.  Specifically, he points to his hypertension and morbid obesity with a body mass index over 45. He is fifty-seven years old.  Looney submitted a request for release under § 3582(c)(1)(A) to the warden, which was denied.

As of mid-October, FCI Hazelton reported that two staff members had confirmed cases of COVID-19.  More recently, three inmates and one staff member were reported to have confirmed cases.  www.bop.gov/coronavirus/.  Looney reports that cases of COVID-19 are rising in West Virginia.  The government provides information about the BOP's efforts to control COVID-19 in prisons.

Looney has a history of substance abuse.  On July 26, 2017, a confidential informant bought one gram of fentanyl from Looney and an arrest warrant was issued the next day.  At the time of his arrest on July 28, 2017, Looney had several bundles on the center console of his rental vehicle that later were identified as 285.3 grams of a substance containing fentanyl.  He was on parole for assault and drug offenses when he committed the offense that lead to his arrest and conviction.  Looney has a long criminal history with drug, theft, and assault offenses.

He will be on parole from the New Hampshire State Prison until 2035 because of a charge of first degree assault in 2000.

If he were released under § 3582(c)(1)(A), Looney intends to live in his home on Manchester Street in Manchester, New Hampshire.  He plans to continue to work in the HVAC trade, which is work he is currently doing in prison.  He also plans to attend counseling and meetings to continue his recovery from drug abuse.

<u>Discussion</u>

Looney contends that he has an extraordinary and compelling reason for relief because his medical conditions put him at increased risk if he were to contract COVID-19 and argues that the prison environment makes it more likely that he will be infected.[2]  The government opposes the motion on the grounds that the § 3553(a) sentencing factors do not support releasing Looney.  The probation report also does not support his release.

A.  <u>Administrative Exhaustion and Extraordinary and Compelling
     Reason to Reduce Sentence</u>

The government does not dispute that some of Looney's medical conditions could cause an increased risk if he were to

---

[2] Looney requested a hearing on his motions, but the court has determined that a hearing is not necessary.

contract COVID-19, which provides an extraordinary and
compelling reason in support of his motion.  The government also
does not dispute that Looney has exhausted administrative
remedies.  Therefore, those matters need not be addressed
further.

B.  Sentencing Factors

Section 3553(a) states that the "court shall impose a
sentence sufficient, but not greater than necessary, to comply
with the purposes" provided in § 3553(a)(2), and lists factors
for determining an appropriate sentence.  The first two factors
are particularly pertinent for purposes of this motion.[3]  The
first factor directs the sentencing court to consider "the
nature and circumstances of the offense and the history and
characteristics of the defendant."  § 3553(a)(1).  The second
factor focuses on the purposes of sentencing, including:

> the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to
> promote respect for the law, and to provide just
> punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the
> defendant; and
> (D) to provide the defendant with needed educational

---

[3] The third factor directs consideration of "the kinds of
sentences available;" the fourth and fifth factors focus on the
Sentencing Guidelines; the sixth factor addresses "the need to
avoid unwarranted sentence disparities;" and the seventh factor
directs courts to consider the defendant's restitution
obligations.

or vocational training, medical care, or other
correctional treatment in the most effective manner.

§ 3553(a)(2).

The court considered all of the § 3553(a) factors when
Looney was sentenced to 120 months in prison, which was an
appropriate sentence for his serious drug crime, involving
fentanyl.  The only intervening significant change is the COVID-
19 pandemic.  Although Looney may be at an increased risk if he
were to contract COVID-19, the risk of contracting COVID-19
appears to be low and controlled at FCI Hazelton.  Therefore,
the COVID-19 pandemic does not weigh heavily in favor of a
reduced sentence.

Looney's criminal record and his history of substance abuse
caution against reducing his sentence.  He was on parole when he
committed the crime for which he was convicted.  Looney has only
served 39 months of his 120-month sentence.

His plan, if he were released from prison, is to return to
his home in Manchester.  That plan would put him back in the
environment where his substance abuse occurred and where he
engaged in the criminal conduct that was the basis for his
arrest and conviction.  These circumstances would not protect
the public from the likelihood that Looney would resume his
serious and dangerous criminal activities.

Because the sentencing factors under § 3553(a) do not support a reduction in Looney's sentence under § 3582(c)(1)(A), his motion is denied.

## Conclusion

For the foregoing reasons, Looney's motions for a reduced sentence (documents nos. 19 and 22) are denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 2, 2020

cc:  Counsel of record.